AMY, J.,
concurring in part, dissenting in part.
I concur in the majority’s opinion in part, as I agree that a reversal is required with regard to the claimant’s entitlement to indemnity and medical benefits. However, I reach that result by different reasoning. I agree that the record requires a reversal insofar as the indemnity and medical benefits are concerned. However, I find a reversal appropriate after having considered the matter de novo as the workers’ compensation judge rendering the ruling differed from the workers’ compensation judge who originally heard the *1140 matter. See Roy v. Belt, 03-1022 (La.App. 3 Cir. 2/18/04), 868 So.2d 209.
I respectfully disagree with that portion of the majority opinion addressing treatment for mental injuries. My review of the record indicates that the claimant failed to demonstrate by clear and convincing evidence her entitlement to this type of injury as is required by La.R.S. 23:1021(7)(c). While the claimant presented a psychologist’s report indicating a diagnosis of post-traumatic stress disorder, the employer presented similarly persuasive expert evidence refuting that diagnosis. Moreover, although not necessarily determinative in this case, I also note that the claimant’s presentation of evidence on this issue indicates a lack of particularity in the diagnosis as is anticipated by La. R.S. 23:1021(7)(d). Accordingly, I respectfully dissent from the award of benefits related to mental injuries.